OPINION
{¶ 1} Appellant, Carol Goan, appeals from the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellee, American International Life Assurance Company of New York.
{¶ 2} On July 25, 1986, appellee issued a group annuity policy ("policy") to Century Housewares, Inc., which became effective on December 18, 1985. Appellant's husband, James H. Goan ("Goan"), was employed by Century Housewares, from approximately October 1968 through March 1985. In approximately March 1985, Century Housewares, Inc. went out of business. As a result, the employer sponsored pension plan, which Goan had participated in, was terminated and the plan's assets were used to purchase annuities for all its participating members. Therefore, Goan was an insured under the group annuity policy. Goan elected the joint and survivor annuity mode of settlement set forth in the policy, listing appellant as his joint annuitant.
{¶ 3} According to the terms of the group annuity policy, an insured could elect one of the optional modes of settlement set forth in the schedule of optional modes of settlement, which included the joint and survivor annuity. The joint and survivor annuity provides for monthly payments which shall "begin at the Insured's Annuity Date and end with the last monthly payment due before the death of the Insured and the joint annuitant." The payments shall be made to the insured, while living, and after his death, to the joint annuitant, if living.
{¶ 4}The policy states that an insured's election of the joint and survivor life annuity is subject to the following conditions:
 {¶ 5} "a The Insured shall designate on the option election form:
{¶ 6} "i. the joint annuitant; and,
 {¶ 7} "ii. the percentage (50%, 2/3%, or 100%) of the monthly annuity payment to the Insured to be payable to the joint annuitant after the Insured's death.
 {¶ 8} "b. Due proof of the annuitant's age must be received by [appellee] within 90 days, or such longer period as [appellant] may agree to, but such proof must be received no later than the Insured's Annuity Date.
 {¶ 9} "c. If the joint annuitant dies before this annuity form becomes effective, the election shall be revoked and the life annuity option assumed. If the Insured dies before this annuity becomes effective, the joint annuitant shall not be entitled to receive any annuity payments under this Policy. If the joint annuitant dies while this annuity is effective, annuity payments to the Insured shall be under this annuity form.
 {¶ 10} "d. The consent of the joint annuitant shall not be required for any change or revocation."
{¶ 11} Goan's individual certificate reveals that he designated his wife as his joint annuitant, since the form of payment is listed as "50% contingent annuity with spouse designated contingent annuitant." The amount of annuity payable monthly to Goan was $618.27, commencing on June 1, 2011.
{¶ 12} Appellant's husband became ill and died in November 1992, at the age of forty-six. Appellant avers that when her husband became ill, they contacted appellee and were assured that when appellant reached the age of fifty-five, she would be eligible for a monthly benefit of $309.13. In 1999, as she approached her fifty-fifth birthday, appellant contacted appellee regarding her annuity benefits under the policy. Subsequently, appellee notified appellant that she was not eligible to receive any benefits.
{¶ 13} On July 13, 2000, appellant filed a complaint, requesting declaratory judgment with regard to her to joint and survivor annuity benefits under the group annuity policy and asserting a claim of bad faith against appellee based on its refusal to pay her.
{¶ 14} On June 18, 2001, appellee filed a motion for summary judgment asserting that, under the terms of the contract, appellant was not entitled to receive benefits as the joint annuitant because Goan, the insured, died before his annuity date; i.e. before his sixty-fifth birthday. Appellee's brief was supplemented with the affidavit of Robert Goldbloom ("Goldbloom"), Senior Vice President of American International Life Assurance Company of New York. Goldbloom averred that the joint and survivor annuity provision contained in the policy was effective on the date the insured was eligible to receive annuity benefits under the policy. Goldbloom attested that the insured, Goan, would have been eligible to receive annuity benefits under the policy on June 1, 2011; however, because he died before that date, the joint and survivor annuity had not become effective.
{¶ 15} On February 1, 2001, appellant filed a motion for summary judgment and a brief in opposition to appellee's motion, arguing that, under the plain language of the contract, a joint annuitant could only be precluded from receiving benefits if his or her spouse died before the policy went into effect. Appellant argues that her husband would have been eligible to receive annuity benefits at age fifty-five, rather than at age sixty-five. In support of this argument, appellant relies on a letter addressed to her, written by Jerry R. Poore ("Poore"), Assistant Vice President of American International Life Assurance Company of New York. In this letter, Poore confirms that appellant is not entitled any benefit because, "* * * in the event the participant dies prior to the commencement of benefits, there are no benefits payable to a spouse. The earliest date Mr. Goan would have been eligible to start benefit payments was at age 55, June 1, 2001. * * *"
{¶ 16} On October 13, 2001, the trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. From this judgment, appellant raises the following assignment of error:
 {¶ 17} "[1.] The trial court erred when it granted Appellee's motion for Summary Judgment and denied Appellant's Motion for Summary Judgment as, when applying well-settled principles of contract construction, it is clear that Appellant is entitled to joint and survivor benefits."
{¶ 18} An appellate court's review of a motion for summary judgment is conducted under a de novo standard. Monaco v. Red Fox GunClub, 11th Dist. 2000-P-0064, 2001-Ohio-4040, 2001 Ohio App. LEXIS 6008, at *8.
{¶ 19} Pursuant to Civ.R. 56(C), "summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence in favor of the party against whom the motion for summary judgment was made, that conclusion is adverse to that party." Welco Indus., Inc. v. Applied Cos. (1983), 67 Ohio St.3d 344,346; citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 20} In the instant case, the parties do not contest the material facts. Instead, the crux of the instant appeal is whether the policy, according to its terms, provided annuity benefits as a matter of law. The construction of insurance contracts is a matter of law and must be done in accordance with the same rules as other written contracts.Feldkamp v. USA Ins. Co. (2000), 139 Ohio App.3d 118, 123.
{¶ 21} Appellant argues that the language is ambiguous and must be liberally construed in favor of the insured and strictly against the insurer. Appellee argues that any ambiguity in a contract must be resolved in favor of an insured only when a provision of the policy is susceptible to more than one reasonable interpretation, and, in this case, its interpretation is the only reasonable one.
{¶ 22} An interpretation of an insurance policy must be based on a reasonable construction of the contract in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed; however, where provisions are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. Anderson v. Highland House Co. (2001), 93 Ohio St.3d 547. "Thus, in order to defeat coverage, `the insurer must establish not merely that the policy is capable of the construction it favors, but rather that such an interpretation is the only one that can fairly be placed on the language in question.'" Id. at 549.
{¶ 23} In this case, the phrase at issue is: "before this annuity becomes effective." Appellant contends that, as used in the foregoing phrase, the word "effective" should be interpreted as the "Effective Date," which is a defined term meaning the date the contract went into effect, to wit: December 23, 1985. Appellee contends that the word "effective" should be interpreted as the "Annuity Date," which is also a defined term, meaning the date on which annuity payments are due to begin. Pursuant to Goan's individual contract, his Annuity Date is June 1, 2011. Based on the foregoing, we conclude that the provision is reasonably susceptible to multiple interpretations.
{¶ 24} Considering the policy language as a whole and construing the language strictly against the insured, we conclude that the word "effective" means the "Effective Date," as defined in the contract. Thus, the provision in question provides that if the insured died before the contract's effective date, December 18, 1985, the joint annuitant shall not be entitled to any benefits under the contract. This interpretation is reasonable since the policy was executed in 1986, but was effective on December 18, 1985. Though it does not appear on record, it is likely that the reason that the effective date precedes the execution date is that the employer sponsored pension plan remained in effect until December 18, 1985; however, the final annuity policy was not executed until July 31, 1986. Because the policy was retroactive, the participating members were covered during the interim period of December 18, 1985 until July 31, 1986. However, if an Insured died before December 18, 1985, neither he nor his joint annuitant would be entitled to benefits under the group annuity policy. Indeed, if a named insured died before the contract's effective date, the policyholder had the right to request that portion of the purchase payment made for that person be either returned in cash or disposed in any other agreed upon manner.
{¶ 25} Based on our interpretation of the word effective, we conclude that, as a matter of law, appellant is entitled to 50% of $618.27, the monthly amount payable to appellant; however, a genuine issue of material fact exists as to the date on which the joint annuitant is to receive her benefits, i.e. June 1, 2001, or June 1, 2011. Accordingly, appellant's sole assignment of error is well taken and the matter is remanded to the trial court for further proceedings to determine the date on which the joint annuitant, appellant, is entitled to receive her benefits.
{¶ 26} In light of the foregoing, the judgment of the Trumbull County Court of Common Pleas is reversed and this matter remanded for further proceedings to determine the date on which the joint annuitant, appellant, is entitled to receive her benefits. Further, on remand, the court shall consider the issue of whether appellee acted in bad faith when it denied annuity benefits provided in the policy.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J., concur.